

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 0 6 2017

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No.  |
| | § | |
| | § | |
| REGINALD WILLIAMS, M.D. | § | **UNDER SEAL** |
| | § | |
| Defendant. | § | **Counts 1-2: 21 U.S.C. § 841(a)(1)** |
| | § | **(Distribution of Controlled Substances)** |

## INDICTMENT

The United States Attorney for the Southern District of Texas charges:

### General Allegations

At all times material to this Indictment, unless otherwise specified:

1.      DR. REGINALD WILLIAMS ("WILLIAMS") was licensed by the State of Texas to practice medicine and maintained a Drug Enforcement Administration ("DEA") Registration Number. WILLIAMS was the supervising physician at an illegal "pain clinic," that is, a clinic that purported to treat pain but, in fact, issued prescriptions for controlled substances outside the scope of professional practice and without a legitimate medical purpose.

2.      The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance" or conspire to do so."

3.      The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse,

likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

4.      Pursuant to the CSA and its implementing regulations, hydrocodone was classified as a Schedule II controlled substance, 21 C.F.R. § 1308.12(b), and carisoprodol was classified as a Schedule IV controlled substance, 21 C.F.R. § 1308.14(c).  Hydrocodone is found in medications known by the brand names Vicodin, Norco, and Lortab.  Carisoprodol is found in medications known by the brand name Soma.

5.      Medical practitioners, such as physicians, who are authorized to prescribe controlled substances by the jurisdiction in which they are licensed to practice medicine are authorized under the CSA to prescribe, or otherwise distribute, controlled substances, if they are registered with the Attorney General of the United States.  21 U.S.C. § 822(b); 21 C.F.R. § 1306.03.  A prescription for a controlled substance may only be dispensed, or filled, "by a pharmacist, acting in the usual course of his professional practice, and either registered individually or employed in a registered pharmacy . . . ." 21 C.F.R. § 1306.06.  Upon application by the practitioner, the Drug Enforcement Administration ("DEA") assigns a unique registration number to each qualifying physician, pharmacist, or pharmacy.

6.      Under Chapter 21 of the Code of Federal Regulations, Section 1306.04(a), a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.  The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription.  An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research [is] not a prescription within the meaning and intent of [the

CSA] and the person knowingly filling such a purported prescription, as well as the person issuing it, [is] subject to the penalties provided for violations of the provisions of law relating to controlled substances."

7.      All prescriptions for controlled substances "shall be dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name address and registration number of the practitioner."  21 C.F.R. § 1306.05(a). "The refilling of a prescription for a controlled substance listed in Schedule II is prohibited." 21 C.F.R. § 1306.12(a); 21 U.S.C. § 829(a).

## COUNT ONE

### Distribution of Controlled Substances
### (21 U.S.C. § 841)

8.      Paragraphs 1 through 7 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

9.      On or about April 12, 2017, in the Southern District of Texas, Harris County, Texas, and elsewhere, WILLIAMS did knowingly and intentionally distribute and dispense, and caused to be distributed and dispensed, to C.S., a quantity of a mixture and substance containing hydrocodone, a Schedule II controlled substance; and a quantity of a mixture and substance containing carisoprodol, a Schedule IV controlled substance, not for a legitimate medical purpose and outside the course of professional practice.

(In violation of Title 21, United States Code, Section 841(a)(1))

//

//

//

3

## COUNT TWO

### Distribution of Controlled Substances
### (21 U.S.C. § 841)

10.     Paragraphs 1 through 9 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

11.     On or about April 12, 2017, in the Southern District of Texas, Harris County, Texas, and elsewhere, WILLIAMS did knowingly and intentionally distribute and dispense, and caused to be distributed and dispensed, to T.J., a quantity of a mixture and substance containing hydrocodone, a Schedule II controlled substance; and a quantity of a mixture and substance containing carisoprodol, a Schedule IV controlled substance, not for a legitimate medical purpose and outside the course of professional practice.

(In violation of Title 21, United States Code, Section 841(a)(1)).

### NOTICE OF CRIMINAL FORFEITURE
### (21 U.S.C. § 853)

12.     The allegations contained in Counts 1 and 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

13.     Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the defendant WILLIAMS that upon conviction of an offense in violation of Title 21, United States Code, Section 841, the following property shall be subject to forfeiture:

   a.  All property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

   b.  All property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4

14.     The defendant WILLIAMS is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

15.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p).

ABE MARTINEZ
Acting United States Attorney

KEVIN LOWELL
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1000 Louisiana Street, Suite 2300
Houston, TX 77002
Direct: (202) 262-7795
E-mail: Kevin.Lowell@usdoj.gov

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY